Good morning, and may it please the Court. I'm Stephanie Adraktis, and I represent the petitioner Mr. Drake. Mr. Drake's trial was fundamentally unfair, and he was convicted in an unfair proceeding. The Court admitted prejudicial prior offense evidence and then instructed the jury with an instruction that wrongfully undermined the government's burden of proof under N. Ray Winship. Was that argument made anywhere before you started making it to us, the burden of proof argument? Your Honor, it was. My client proceeded pro se in the state habeas corpus proceedings as well as in the federal habeas corpus proceedings. And I submit that he did raise this issue directly. In my supplemental excerpts of record, I provided to the Court Mr. Drake's handwritten as well as the typewritten version of this claim. And in that claim, he specifically stated that he was challenging the jury instruction and that it, in his words, that the jury could not be assumed to have followed, quote, the correct conflicting instruction. He then cited to two California cases, Vishroy and Orlano, that present this precise issue in the state courts. And both of those cases cite to N. Ray Winship. So Mr. Drake properly exhausted this issue in the state supreme court. He properly brought it before the federal district court. Unfortunately, both of the – in both of those forums, this claim was ignored. The California supreme court denied it without citation to authority or comment. Now, I don't know if they considered, obviously, the due process implications or his Winship issue because they didn't write an opinion on this. In the district court proceedings, the findings of fact and conclusions of law rely solely on the court of appeals decision challenging the same instruction on different grounds, where different grounds were raised by Mr. Drake's counsel on appeal. So the district judge ignored the issue, but Mr. Drake properly raised it in the context of his argument that the instruction that advised the jury to consider his prior offenses as evidence corroborating the testimony of the current complainants was also a burden-undermining instruction, and it was. And this Court has previously, in Gibson v. Ortiz, reversed a conviction on virtually the same grounds. In Gibson v. Ortiz, the instruction was a little less complex and convoluted, I would say, than the one that was given in this case. But they shared the same constitutional – But isn't there a real fundamental difference? The instruction here clearly ended by telling the jury to be very careful that there wasn't a conviction based upon anything other than proof beyond a reasonable doubt, and it seems that that's a fundamental difference between the instruction here and Gibson. Your Honor, in both Gibson and in this case, the jury was instructed by the court with pattern instructions not to convict the defendant on less than proof beyond a reasonable doubt. The problem in both Gibson and in this case is that that instruction was undermined in that the jury was told that they only needed to find proof of the prior offenses by a preponderance of the evidence, and then that they could infer the defendant's guilt by those facts found by a preponderance, and the judge failed to do that. But here the judge told the jury you may not convict the defendant solely because you believe that he committed another offense or offenses, or solely because you predispose him to committing the charged offenses in this case, and then thereafter immediately reminded the jury of the responsibility to predicate any conviction on proof beyond a reasonable doubt. It seems that while there are some common aspects to it, that this case is significantly different than Gibson in that the trial court really made an effort here to make sure that this kind of strange California law, which I'm not familiar with, allowing this preponderance of evidence type of factor was not going to diminish the jury's ultimate responsibility to predicate its determination by proof beyond a reasonable doubt. I understand your concern, Your Honor, but the Attorney General made that same argument in Gibson, and the Attorney General argued that while other instructions properly advised the jury what the level of ---- Well, Gibson was somewhat different, because if you read Gibson literally, it said if you find that, first of all, they had to find the prior sexual offense by preponderance, and then it said, as I read the instruction, it said if you find that defendant had this disposition based on these two prior, on these priors, you may infer that he was likely to commit and did commit the crime or crimes of which he is accused. So that says in that construct that if you find by a preponderance of the evidence that he committed, let's just say it's the two priors here, if this was the instruction applied here, if you found from the two girls that he committed these two priors and do it on a preponderance evidence, from that you may then infer that he also committed this crime, the crime in the instant case. But that's not the instruction that was given in this case. What it says is you may not convict solely because you believe that he committed another offense. The question is whether he was guilty of the crimes charged in this case, and you may return a verdict of guilty only if you are convinced beyond a reasonable doubt that the defendant committed the offenses charged against him in this case. And then let me just – I want to put it all out on the table. And then it says the third thing you must do if you find the prior sexual offense, these two priors, have been proved by the preponderance of the evidence, and that the prior sexual offense tends to prove that the defendant has a character trait which predisposes the defendant to commit the types of sexual offenses charged in this case, then and only then may you consider this evidence together with other evidence to decide whether he committed the charged sexual offenses and to assist you in assessing the offenses in this case that they have to be found beyond a reasonable doubt. So the predicate is Gibson, preponderance of the evidence from that and that alone, you could then jump to and conclude that he committed these as well. In this case, I'm postulating, in this case you may find those by a preponderance of the evidence, and then you may factor them in. But you still have to, looking at the facts of this case, informed by this other data, that he actually committed these offenses by proof beyond a reasonable doubt. So explain why that doesn't get around the Gibson problem. Your Honor, the language that I think allows an unconstitutional route to conviction is the language in the instruction that states that if proved, the jury must decide if Mr. Drake has a character trait that predisposes him to commit the same types of offenses charged, then it states that from there they can infer that the prior act is a specific example of the defendant's character that could manifest itself at another time as well as the time charged in this case. But that takes care of the first part. But not that they can then use that alone to convict him. They can use that as a data point, but they must find from evaluation of other evidence and the like that beyond a reasonable doubt. Your Honor, and I think saying that they can use that as a data point brings out the constitutional infirmity because Winship says that every fact supporting the State's case, to prove the State's case, must be proved beyond a reasonable doubt. And what I'm proposing here is that this is an unconstitutional route of conviction. Every element has to be proved beyond a reasonable doubt. Every element. But that's quite different. And here the instruction says every element has to be proved beyond a reasonable doubt. Along the way, you can make these non-ultimate findings by proponents of evidence. And, you know, that's a nice issue, but where's your Supreme Court case? Your Honor, I believe that Sullivan v. Louisiana and Inouye Winship would both control in this case. Winship doesn't help you. Your Honor, I believe Sullivan does. Winship stands for the basic proposition that every element has to be proved beyond a reasonable doubt. And nobody disputes that. The question of what you do about sort of these intermediate facts that don't go to an element of the crimes themselves is a, you know, is a nice question. I can see it both ways. Louisiana, Sullivan v. Louisiana helps you there? And, Your Honor, in the end of the day. Tell me about it. Gibson itself, which deals with the same issue, rests on Winship and Sullivan and states specifically that that case is controlled by those. For the two propositions separately, one established in Winship of the government's burden of proof and in Sullivan. But there are clearly extensions. There are clearly extensions. And we're not allowed to rely on extensions. We have to rely on controlling the Supreme Court authority. Your Honor, I would submit that Sullivan and Winship control and that Gibson is persuasive in the AEDPA context. This Court can and should look to its own opinions, applying clearly established Supreme Court precedents in making determinations in new cases. Here, I would submit that the differences between the instruction that was given in the Gibson trial and that in this trial are not, should not control the outcome. In fact, from closely reading this repeatedly, because the instruction is somewhat difficult to parse out, it appears that the instruction given in this case is somewhat worse. I mean, allowing the jury or telling them to infer. There was no contemporaneous objection. There was not a contemporaneous objection, but my client's attorney did object in a motion in Lemonade to admission of the evidence. And then the Court. But that's a very different question. Admission of the evidence is quite, I mean, a separate question as to whether it's admissible. I mean, it may be admissible, and then the instruction and how the jury treats it is a very different question. So this was not raised at trial. It was not raised on direct appeal. There was an objection or there was an issue raised on direct appeal that the evidence was wrongfully admitted and also that the instruction was wrongfully, the instruction allowing the jury to consider it for credibility was incorrect. Both of those issues were raised in the direct appeal. On the ground that, on this Winship issue? On grounds for the admission of the evidence. Okay, so when I say it, I mean your question, the federal question of Winship error, what you call Winship error. That was not raised on direct appeal. It wasn't raised at trial. And, Your Honor, as far as the trial contemporaneous objection, this instruction was designed to address due process issues in admitting prior offense evidence at all. And my client was in a no-win situation. Once the evidence was admitted, purportedly this instruction was to protect him from the prejudicial effect that would occur. No, but they could have said, but you need to find these facts by all reasonable doubt in order for you to log inference. There was no problem with saying that, right? And perhaps his attorney did not recognize the burden-shifting implications of this instruction. He was sort of a bump in the log, wasn't he? I'm sorry? He was sort of a bump in the log, wasn't he? I can't. I'm sorry, Your Honor. It does not seem as though he was as engaged in the trial as we would have liked. And we do have two claims of ineffective assistance of counsel in addition to this instructional error claim, which I believe should result in reversal of my client's conviction in this case. Mr. Drake has, in state and in the federal habeas petition, raised his ineffective assistance of counsel claim based on his counsel's failure to make a Miranda motion. And that, I believe, also should result in a conditional writ issuing in this case. The Miranda error here was a basic constitutional issue and one that no reasonable attorney under the circumstances would ignore. Mr. Drake has provided in his petition his account of his interrogation, which clearly was in custody. So we have the predicate Miranda. But it's subject to harmless error analysis in any event, correct? And you believe that this is not – this is harmful? Your Honor, I believe in the ineffective assistance of counsel in a Strickland claim, we have to show prejudice in our second prong. And so the court wouldn't then do an additional harmless error analysis. Well, prejudice and harmless error come under the same umbrella under Strickland. I agree, Your Honor. And I am prepared to address the prejudice, and I did as well in my brief. Mr. Drake's statements were a highlight of the prosecutor's presentation at trial. The prosecutor over and over again referred to things that he said to the questioning officer as proof of his criminal intent, which was absolutely essential to the State's case on all three counts. She also referred to his statements as being evidence of his sexual fascination with children, which was an overwhelmingly powerful and prejudicial argument in this context. So given that, I would submit that no reasonable attorney under the circumstances would fail to make a motion to suppress those statements, and that the law on this is clearly established, was clearly established at that time. The trial occurred in 1997. Miranda decision was clearly established. The lawyer should have made a motion to suppress these statements. The magistrate's decision, for reasons that are unclear, fails to acknowledge Petitioner's Miranda argument. He cited Miranda in his recitations. Clearly in custody. He clearly was in custody. Nobody's contesting that. So it really comes down to whether there was really prejudice. And I believe that there was. If you look at the record as a whole, Your Honors, the evidence against Mr. Drake was not overwhelming. The testimony that was provided, there were many serious issues with it. For example, as to the two counts that were charged with the victim whose initials are KC, when Officer Scheffler testified about her interview with that witness, she never mentioned the second incident when she was questioned about what had happened with her and Mr. Drake. There was testimony indicating some ambiguity as to the sexual motivation on count one. The grandmother who the magistrate judge pointed to as a source of corroboration in the analysis of whether there was prejudice here, she did not testify. And I would submit, Your Honors, that a non-testifying witness cannot be held up as proof that the evidence against my client was airtight. And also — It would have been hearsay anyway, right? It would have been. And I'm not sure if there would have been grounds for admissibility under state evidence. Perhaps admissible hearsay, but not recipient. And I would finally also point to the testimony of Michelle Cole, who was present during the incident that was charged in count two. The allegation was that my client was lying next to the victim and her mother in a van. They were pressed together closely, and during the night she testified that she never saw, heard, felt anything unusual, didn't wake up. So she was actually there and could not corroborate the testimony of the witness KC. That is similar to her testimony about what happened in the second incident where she showed up immediately afterwards, picked up her daughter, took her to another location, said she saw nothing unusual at that time. So there is a — there are issues here. This is not an overwhelming case. And the errors, I would submit, were extremely prejudicial to Mr. Drake. He is entitled to one fair trial on these counts, and I would submit he didn't get it. One can also look to the fact that in the first trial, where the prior offense evidence was not admitted, he was not convicted. The jury was not able to reach a verdict after hearing the testimony of both KC, MD, and other witnesses, police officer witnesses. So we can't say this is such an airtight case that he clearly — We have about a minute left. Oh, I'm sorry, Your Honor. May I let you reserve? Okay. We'll hear from the State. Your Honor, Jesse Witt, Deputy Attorney General, on behalf of the respondents, the appellee. First of all, regarding the alleged instructional error, the Certificate of Appealability states that the issue is, the trial court erred by instructing the jury to use the evidence of its prior sexual offenses to assist the jury in weighing the credibility of all the witnesses. There was no Certificate of Appealability on instructional error based on any Winship or Gibson error. So I don't think that issue was raised in the district court. It wasn't raised in the state court. Even if it was, the court is familiar with the record and notices the differences between the instruction given in this case. The judge was prescient. He saw that the problems with that instruction, and he modified it to meet the constitutional requirements. Once those constitutional requirements are met, there's no longer a federal issue before this court. The jury in this case decided the elements beyond a reasonable doubt. They were so instructive. Regarding the issue of Miranda, he raised an issue in the state court and in the district court that his admissions were coerced and not voluntary. He did not raise that. There was no advisement of Miranda rights. And the district court stated clearly that it was on the grounds that it was coerced and involuntary. This is found in the excerpts of Record 124. Petitioner claims his trial counsel was deficient because he failed to move to suppress the statements Petitioner made to the police. On the ground, it was coerced and involuntary. He did not directly say, I wasn't advised of my Miranda rights. That's why it was not addressed in the district court's findings. Now, that's a very good issue if, in fact, he was not advised of his Miranda rights. The only basis for this is the twice convicted felon's own statements in his petition to the court. There's no attached police reports. There's no declarations. It was not an issue in the trial court below because there was no objection to the statements. The court now has to make the assumption to find that there was no advisement of rights that the sheriff's department in 1996 failed to advise him, that his own attorney then, who did object to the statements on other grounds other than failure to advise, so clearly did not want those statements in, completely overlooked the obvious ground that there was no advisement. The district attorney blithely assumed he was going to get this evidence into trial because he did not ask for a 4-2 hearing on questionability. So I think that the best inference is that there was advisements of rights. It wasn't an issue below. If the court really has concerns, I guess it should go back for an evidentiary hearing to make some sort of finding that there was actually no advisements of rights. The district court didn't need to get to it because what the petitioner is arguing or what the appellant is arguing is that he was forced in court, and we do not need to go into whether he was advised or not to decide that issue. Counselor makes the argument, well, there was fair notice because of the citation, the Colorado v. Conley and People v. Heidel. Well, People v. Heidel involves security guards. There's no mention of Miranda. One statement comes in and three others were coerced because the security guards were brow-baiting him. In Colorado v. Conley, there was advisement of Miranda, so that can hardly be noticed that failure to advise of Miranda is an issue in this case. Colorado v. Conley is whether the statement was voluntary, or the poor man decides, well, there was no state action, even though the man had some problems. So I don't think that issue is properly raised either. And if the court has any further questions, I would be happy to address them. Otherwise, I would submit it on our pleadings. I'm just assuming that the burden of proof issue, you reached that. How does the jury sort out the notion that they can find this information from these two other girls by preponderance, which means all it has to do is just tip the scale slightly, as we know, and then turn around on that, with that information in mind, sort of transfer that to the offensive issue and say, oh, now we have to make a beyond a reasonable doubt. Aren't they essentially given information that has not been clearly proven beyond a reasonable doubt, and that they can take that highly prejudicial testimony and use it in their reasonable doubt calculus? That's sort of a mental gymnastic that seems a bit difficult. Well, as the court instructed, they're deciding this case. They have to decide this case based on all the evidence, and the standard there is beyond reasonable doubt. Now, because of the nature of these offenses, the state legislature and the people have decided, well, we don't want to keep this evidence away from the jury if, in fact, the man has prior acts that are similar to what he's being accused of now. We don't feel it's fair to the victim. We don't feel it's fair to the people. But we do put in these procedural safeguards, and it is only by preponderance of the evidence. But the jury has clearly told us you have to decide everything beyond a reasonable doubt, and now you can take this evidence. And in this case, the judge was very emphatic about, well, once you get this evidence, you really have to decide whether it happened. And then once you find out whether it happened or not, you have to find whether it was something that causes a pattern in this individual or something just sort of isolated and not occurring. If you don't find out. Are there any cases at all that address the constitutionality of this preponderance of the evidence aspect of the California instructions? I know Gibson, of course, you know, reversed based upon Winchett because apparently the court was not satisfied that the jury was basically told that the element, I guess, considering this to be an element under the circumstances of that case, was not satisfied. But is there anything affirmatively addressing the issue of the constitutionality of that type of language? I guess the reason why I'm asking is because I come from New York and we don't have that in New York, so I'm getting an education out here. The California Supreme Court in Falsetta has endorsed the constitutionality of the evidence code section 108, which is the use of the prior acts evidence in these cases. By the preponderance of the evidence? By the preponderance of the evidence. Specifically based on that? Yes. I don't know if there's a – obviously, there's no United States Supreme Court case he signed. And other than Winchett, I don't know if the Ninth Circuit has addressed that as well. I don't think there's any case where the Ninth Circuit has signed. So there is a California State case that says it's kosher, as we say in Brooklyn, but there's no Federal law on that issue. But it really is a matter of State law and where the Federal issue comes in and whether, in fact, Winchett has been violated. And clearly it has not because the jury was not only instructed in this one, but again with the pattern beyond a reasonable doubt instruction. So getting back to Justice Fischer's question, that the jury is over-advised that this is only – you're only to use this for a limited purpose. This is not the whole case. It's not the erroneous instruction. We'll find this by preponderance of evidence and then make the leap. Well, he did it. Now, the jury – I mean, human nature is, well, this is some evidence, and – but the jury is always making that assumption in any case. You know, well, if he did it before, he did it again. But here they're instructed, no, you don't get to do that. You get to use this evidence for this limited purpose to see whether he has this trait or characteristic, and then put that in with everything else. It's okay to give a limiting instruction, and that may be entirely appropriate. But to go beyond that and to say that they can consider this and make a factual determination on the road to determining whether an element has been established by the preponderance of the evidence gives me some pause. It's a new type of concept to me. And it seems to me that that is a Federal constitutional issue. You say it's an out-of-justice State law? I do, Your Honor. I don't – well, if we're going to get into that, I don't know if that was ever addressed to the State court in this petition, whether the constitutionality of 1108. So I think we have to go back and give them a fair – Well, you're just putting a roadblock in the path of finding – I am. Well, it doesn't. Upon the constitutionality of that type of charge. And then they may have to correct it. Oh, it doesn't violate the United States Constitution because the jury is still finding the elements of the offense beyond a reasonable doubt. They're still finding whether there was touching or not. And there is safeguards in California because the California trial court can keep it out if the prejudicial value is greater than the probative value. And the court – and the State gets to make the decision, well, we want our jury to hear this evidence as long as it's not overly prejudicial. And we leave it to the trial judges in their discretion to make those decisions. We do it all the time with evidence, whether – when someone has a felony conviction and they testify. Well, the jury gets to hear that they have a felony conviction. No, no. I understand that. We also do that in Brooklyn, believe me. But it seems like this is something a little different than that. Well, it's different, but it's the same. I mean, they hear prejudicial evidence all the time. That's why they get convicted. If someone has prior shoplifting offenses, they're – He's talking about the charge here specifically. In California, there's a penal code section 666. If you have a petty theft with a prior theft offense, that can be treated as a felony. And the jury hears that you had a prior theft offense when they're determining your guilt. They're given instructions on it, but they hear about a prior offense. But they're given a limiting instruction, I assume. Yes. Yes. So in here, the same thing. The jury is instructed how they're to use this highly relevant evidence, and they're not to use it for one purpose. They are to use it for a limited purpose. And I think that's true. Convictions that come in. So at least he's been convicted by – In this case, prior acts are admissible whether there's conviction or not. In this case, there was a conviction, but the jury was not told of the conviction because they were just told of the prior acts. So you're saying that under California law, if somebody had been accused of – but not convicted of sexual molestation, that could come in in this kind of – Recently, there was the – Terry Hatcher, the television actress, was – some of them had ended up in a plea, but she had been a victim of molest earlier, and this man now was rearrested, and they could go back and use that evidence if the court allowed it in. But there was a plea. Under a preponderance of the evidence? What? By a preponderance of the evidence with the limited instruction. They have to find – That's scary. Well, they have to find the defendant guilty beyond a reasonable doubt of touching these girls with a sexual intent. But the fact that he committed something very slimmer – and it's up to the trial court to determine whether it's similar enough. I understand. But let's suppose in this case they've only charged one of the two complaining witnesses here. Yes. And then they brought the other one in and let her testify about what he did to her. Yes. And they could have found what they did to K.C. by preponderance of the evidence and turned around and used that against him to convict him on the M.D. one. But they would still have to find that he committed M.D. beyond a reasonable doubt. Yeah. They could have proved the other one by preponderance. That's astonishing. Well, but is it really – I thought this was all because there had been a conviction, and you at least had the cover of having a prior jury. That's like a prior – any prior conviction. The defendant's actually had his day in court on whether or not he committed the conduct before a jury or pled or something beyond a reasonable doubt. And so then the question is whether that can be carried forward into the second trial. Well, in this case, there was a conviction, but the conviction was not presented to the jury as a fact that they knew about. Okay. Okay. Getting back to your Miranda argument, I heard you argue today that maybe there were Miranda warnings given and the record doesn't support the absence of it. Now, I looked at your brief. I don't remember seeing that argument. I can't spot it now looking. Pardon me, Your Honor? Your brief. You've got the red brief, right? I wrote the brief, yeah. The red brief. Yes. Your name doesn't appear on it, but I assume that you had something to do with it. Jesse Witt, yes, Your Honor. Oh, you're – Jesse Witt. Okay. There we go. There we go. Okay. Is he not O'Sullivan? No, Mr. O'Sullivan has died. Why can't this be on our day sheet? I'll apologize for that, Your Honor. It's my fault that we didn't get the – It's all right. I was just confused. But anyway, it's your brief. Anyway, but in any event, it's your brief. I don't see the argument that you made this morning in the brief. I saw you argue that maybe this was an unusual style strategy on the part of the defense lawyer to not raise a Miranda issue, and I saw you argue prejudice in the brief, but I don't remember seeing the argument, maybe I missed it, that you made this morning, which is that maybe, in fact, Miranda warnings were given and we just – Oh, no, Your Honor. I don't mean to misimply to the Court that. I did write in the answer – I footnoted in my answer to the Second Amendment petition that the evidence was that just – We can talk about other documents in a minute, okay? Let's talk about the brief. Is it in your brief? Is this argument that you made this morning – No, Your Honor, because the issue was not raised below that of failure to advise. So I did not raise it in my appellant's brief. But it's not an appellee's brief, isn't it? Appellee's brief. Okay. So you are responding to arguments made in the blue brief, and I thought this argument was made in the blue brief. And my response to that was that he did not make this argument below. And where did you make that response in your brief? Page 23, Your Honor. Drake did not raise the issue that his statements were taking a violation of Miranda in the State courts, and he did not – hence, not exhausted that issue. In his petition for habeas corpus to California Supreme Court, Drake never mentioned Miranda and only argued that his statements were involuntary. And I cite to his petition, relief cannot be granted on the exhausted claim. Also, Drake did not raise the issue that his statements were taking a violation of Miranda in the district court. And I cite to his second of my petition. Drake cannot raise the issue for the first time on appeal. Thank you, Your Honor. You're saying basically that this is the first time the issue is raised before our court, and that there's nothing in the record to say otherwise, and counsel here takes a different position, but you distinguish her cases as you had before us. Yes, Your Honor. She's saying that Collarar v. Conley and Peeble v. Heidel put the – It's sufficient to raise the issue, but that's not necessarily the case. Yes. And that explains why the issue was never addressed before, yes, by any court. And that's why the district court, I think, ruled as it did, and it didn't cite the failure to advise on Miranda rights. So your position is that the Miranda claim is not exhausted? Yes. Yes. Not raised. A failure to advise on Miranda was not raised. Of course, involuntary was raised. I see. Okay. Okay. Thank you, Your Honor. Thank you. Your Honors, I know my time is brief. As to the Miranda issue, I would point the Court to the page 6 of the second amended petition where the supporting facts recited by petitioner conviction obtained by use of Collar's confession, he states his account of his interrogation and also states that he was not advised of Miranda rights. So I believe this claim, as if it were to be raised. What exactly does he say? There's a couple pages of text here. That he specifically mentions Miranda? Yes. He says at the bottom of 7 in the next to last paragraph, after the questioning that lasted for two hours in the petition. So is it in the excerpt? This is the petition itself that was filed in the Supreme or in the California Supreme Court and in the district court, and I can supply. This was raised in the California Supreme Court, is what you're saying? Both courts. In the federal district court as well. He filed the identical claims. Read that again. That's a simple question. Is it in the excerpts? It is. This text is not in the excerpts. I submitted the separate. Okay. It's not in the excerpts. It's not. It's on the record. It's in the record. Okay. In the second to last paragraph, he says, after questioning that lasted for two hours, petitioner was asked to sign a paper stating he was given his Miranda rights at this time. And so he does mention that he was not provided Miranda advisements prior to his interrogation. And I would submit, as a pro se. It's not truly inconsistent to say at the end of the interrogation, I was signed a paper saying I've been given Miranda rights, with, in fact, having been given Miranda rights. Understood, Your Honor. It is not artfully drafted. And I concede that. He is pro se and submitted both of these petitions on his own. I do submit, however, that he did a good enough job bringing this claim and citing authorities that also commonly does discuss it. That comment is sufficient to satisfy the notion that it was fairly raised before the State court. I do, Your Honor. And, in fact, the magistrate's findings and conclusions, there's a footnote discussing Miranda in discussing this claim. So it's not as though the district judge was not cognizant of the fact that Miranda applied to this interrogation and that there was a complaint by the defendant that his constitutional rights were violated. His lawyer never made a motion to suppress his statements. So there was notice here of the substance of the claim and the Miranda as a basis. I just want to talk very briefly, if I may, about the ‑‑ oh, if I'm out of time, I will have to stop. Go ahead. Very briefly on the jury instruction issue, this is in the excerpts of record at page 89. And I just want to point out that even in that last section of the instruction discussing this issue of how the jury should weigh this prior offense evidence, that the judge does, again, mix the issue or confuse the issue by stating you must ‑‑ may return a verdict of guilty only if you're convinced beyond a reasonable doubt. But then in the next phrase states, for the limited purpose for which you may consider this evidence, the prior offenses, you must weigh it as I've described in this instruction. So it's referring back to that earlier preponderance standard, quite arguably, again, providing an unconstitutional route to conviction here. It was not clarified, and that was the basis for the problem in Gibson, the exact same problem, that a jury that's told they can find facts by a preponderance and infer guilt from those facts has not been clearly instructed as to the prosecutor's burden of preponderance. Thank you. Okay. Thank you. Okay. Thank you. Both counsel. Very good. All rise. This court is adjourned.
judges: Kozinski, Fisher, Block